**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeremy Jud HANSEN, Defendant–
Appellant.**

**No. 05–11202**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 7, 2006.

Susan B. Cowger, Rick Calvert, U.S. Attorney's Office Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Sam L. Ogan, Assistant Federal Public Defender, FEDERAL Public Defender's Office Northern District of Texas, Christopher Allen Curtis, Dallas, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Jeremy Jud Hansen appeals from his guilty plea conviction for two counts of brandishing a firearm during a robbery. He argues that his guilty plea was not voluntary because the district court failed to advise him that his federal sentence would run consecutively to the state sentence he was already serving.

Hansen acknowledges that his claim may be foreclosed by *United States v. Hernandez*, 234 F.3d 252, 256–57 (5th Cir. 2000). Although *Hernandez* is not controlling as it involved a different statute under which the district court had discretion whether to impose a consecutive sentence, it is nevertheless instructive. It, along with this court's prior decisions in *United States v. Saldana* and *Tindall v. United States*, establish that a court is not required by Fed.R.Crim.P. 11 to inform a defendant of the interaction between federal and state sentences, as long as it has advised the defendant of the maximum possible federal sentence. *See Saldana*, 505 F.2d 628, 628 (5th Cir.1974)(per curiam); *Tindall*, 469 F.2d 92, 93 (5th Cir. 1972). Hansen's argument to the contrary is unavailing.

---

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.